No. 9743.

MARX WEILL vs. BAKER, SLOO & CO.—GEORGE HORTER, WARRANTOR.

There is no division of ownership of a wall in common; the whole belongs jointly and in indivision to the neighboring proprietors without reference to the dividing line between the lots.

In absence of evidence to the contrary, the whole wall, with its flues and appurtenances, as originally constructed, is presumed to have been so constructed by common consent, at the common expense and for the common benefit of both proprietors.

The circumstance of a flue being constructed in the lower stories of the wall in that half of it which is on the side of one property, does not establish exclusive ownership in the flues, or destroy the presumption that it was intended for the common use and benefit of both, particularly when the extension of the flues in the upper story, without which it would be useless, lies in the centre of the wall

Nothing in the facts and conditions established by plaintiffs in this case suffices to destroy the legal presumption of the common right of his co-proprietor to use the flue in question, especially when reinforced by the fact that the latter has actually used it from a period whereof the memory of no witness in the case runneth to the contrary.

APPEAL from the Civil District Court, for the Parish Orleans. *Rightor*, J.

*Singleton, Browne & Choate*, for Plaintiff and Appellant.

*White & Saunders T. Gilmore & Sons*, for Defendant and Warrantor, Appellees.

---

The opinion of the Court was delivered by

FENNER, J. Plaintiff and warrantor are owners of adjoining properties, (two brick stores), Nos. 6 and 8 Magazine street.

The two buildings were constructed in 1840. They are separated by a wall in common, in which exists a flue to conduct the smoke from store or fire-places connected with the wall.

This flue, beginning at the basement, is in the half of the wall on

the side of No. 8, through the first and second floors, where the wall is eighteen inches thick.

Above the second floor the wall is only thirteen inches, but in the third floor, where the flue is located, a brick projection of about three inches is added on the side of No. 8, and the flue is thus continued mainly, but not wholly, in the half of the wall on that side. In the fourth floor, the flue is in the centre of the wall, and finds exit through a chimney which is built directly over its centre.

There is a fire-place on the side of No. 8, without a grate, and also a hole for a stove-pipe cut into the flue, which was covered with tin.

There is no clear evidence that either was ever used, and it is conclusively shown that they had never been used since 1847.

On the side of No. 6 there is no fire-place, but there does exist a hole for a stove-pipe cut into the flue, and actually occupied and used for the purposes of a stove. With regard to the length of this use, no witness testified whose personal knowledge reaches farther back than 1852; but at that time he found the use existing, and there is nothing to prove, or even to raise a presumption, that the aperture for the pipe had not been made when the wall was built, and that the flue had not been used for a stove in No. 6 from the time of its first occupancy.

Such were the conditions existing when, in 1885, the plaintiff, Marx Weill, purchased and occupied No. 8.

Discovering the aperture in his side of the wall for a stove-pipe, he put up a stove, and conducted his pipe through the hole into the flue. He found that his stove obtained a draught insufficient to induce the free consumption of fuel and also smoked.

He brings the present action, based on the substantial averments: that the flue in question was built and intended for the exclusive use of his property; that the use thereof by the occupant of No. 6 was illegal and without right; that such use destroyed the draught in said flue so as to prevent the use thereof by plaintiff, occasioning him great damage and inconvenience; and he asks for a judgment enjoining the continuance of such use by defendants and for $2500 damages.

The antiquity of the construction deprives us of. the benefit of evidence as to the purposes or intentions of those who built the wall.

In absence of evidence to the contrary, the whole wall, as it stands, including the projection above-referred to on the third floor, is presumed to be a wall in common.   C. C. 677.

There is no division of ownership of a wall in common.   The whole belongs jointly and in indivision to the neighboring proprietors, and is intended to serve their common purposes without reference to the

dividing line between the lots. Thus, one co-proprietor may "cause beams or joists to be placed within two inches of the whole thickness of the wall," and his neighbor would have no right to complain unless he had need of the same space for his own construction. C. C. 680.

It follows that the circumstance of the flue being built, on the first and second floors, in the half of the wall on the side of No. 8, does not establish exclusive ownership thereof in the proprietor of that property, nor does it destroy the presumption of community which attaches to the flue as to every other part of the wall. Particularly is this the case when the extension of the flue in the fourth story, without which it would be useless, lies in the centre of the common wall.

The evidence, moreover, establishes that in eighteen inch or four-brick walls, this method of establishing flues on one side is convenient, economical and not infrequent, because accomplished by the simple omission of one brick, whereas, if put in the centre, it would necessitate the cutting of the bricks on either side of the centre.

The existence of the fire-place and of the stove-pipe aperture on the side of No. 8, furnishes very good evidence that the flue *was* intended for the use of that property, but none that it was *not* intended for the use of No. 6. The absence of any fire-place on the latter's side only proves that its proprietor did not intend to use the flue in that at the time of building, but otherwise amounts to nothing in view of the proof that, as far back as the memory of any witness runs, he had an aperture into the flue, and had actually used it for the purposes of his stove.

The projection on the side of No. 8 in the third floor was part of the common wall as originally constructed and presumably built at the common expense. The proprietor of No. 6 is not called on to explain, after this lapse of time, why the wall was thus constructed.

The presumption is that it was done by common consent, and at the common expense, and hence for the common benefit of the proprietors.

The insufficiency of the flue for the full needs of both proprietors may be evidence of lack of skill in the builder, rather than of intention to confine the use of the flue to one property only.

It is certainly much more difficult to believe that the proprietor of No. 6 should have built a wall without providing any flue for the heating of his stove, than that the builder should have constructed an insufficient flue.

The evidence does not satisfy us that by reducing the size of the stoves on either side and by adopting proper fuel, the flue may not

serve the essential needs of both properties. Neighborly concessions would no doubt accomplish this result.

At all events, nothing in the facts and conditions established by. plaintiff suffices to overthrow the legal presumption of common right to the use of the flue as part of the wall in common, and the yet more powerful presumption in favor of the destination of the flue to the use of No. 6 as well as of No. 8, resulting from the actual immemorial use of it by the former property.

Judgment affirmed.